(3 App. Div. 406.)

### BURNS v. JOHNSTON.

(Supreme Court, Appellate Division, Second Department. April 28, 1896.)

WITNESS—EXAMINATION OF PLAINTIFF BY DEFENDANT.

Where a complaint alleged the employment of plaintiff by defendant for a definite period, and the answer denied this, and plaintiff, testifying for himself, stated no time for which he was employed, and defendant testified that he made no contract for a definite period, defendant should have been allowed to ask plaintiff, when he was called in rebuttal and denied several matters testified to by defendant, to state the period of time for which he was to be employed.

Appeal from circuit court, Westchester county.

Action by Patrick S. Burns against Robert E. Johnston. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Fullerton & Scharps, for appellant.
John C. Harrigan, for respondent.

PRATT, J. This is an appeal from a judgment in favor of the plaintiff entered upon the verdict of a jury, and also from an order denying defendant's motion for a new trial. The complaint alleges, substantially: That the defendant employed the plaintiff as a gardener and general workman from that date, which was in August, 1893, to April 1, 1894, and agreed to pay him for his services at the rate of $25 each month, house rent free of charge, and milk and firewood for him and his family's use. Burns entered upon his employment, and worked until December 15, 1893, when Johnston discharged him without cause. That Burns then was ready and offered, and for a long time after was ready and offered, to perform all the conditions of this agreement upon his part. The answer of the defendant was a general denial. The questions submitted to the jury were as follows: (1) Did Johnston agree to employ Burns from August 13, 1893, to April 1, 1894, under the agreement above set forth? (2) If he did, did Johnston violate that agreement, and discharge Burns without cause? (3) Did Burns sustain any damages,

and, if so, what amount? The jury found a verdict in favor of Burns in the sum of $100.

The plaintiff went upon the stand as a witness, and failed to state any time for which he was employed. The defendant swore positively that he employed Burns for no definite length of time, and testified, in substance, upon this point, as follows:

"I cannot make any contract or enter into any agreement. I will give you $25 a month, rooms, and plenty of milk and vegetables. You can have all you want of them until such time as the hotel is rented. When the hotel is rented, you will have to leave."

After the defendant had denied making any contract for a specified time, and the plaintiff had failed entirely to speak on that subject, he was called to the stand in rebuttal, and denied several matters that had been testified to by the defendant, and was then asked by defendant's counsel this question:

"Won't you state to the jury the period of time that you were to be employed for at the time you made this agreement,—up to what time your employment was going to continue?"

This was objected to by the plaintiff's counsel, and was excluded. We think this was error. This was the main point in the case, and the defendant had a right to put this question to the plaintiff. Even if this were discretionary with the court, we think it was a mistaken exercise of discretion to exclude the question. This was the main issue in the case, and, without any testimony upon the part of the plaintiff, it was very questionable whether there was evidence enough to go to the jury upon that question.

The judgment must be reversed, and new trial granted; costs to abide the event. All concur.